**In the Matter of Frederick L. ROMERO.**

**No. 17S00–9611–DI–711.**

Supreme Court of Indiana.

Jan. 26, 1998.

Frederic L. Romero, pro se.

Donald R. Lundberg, Executive Secretary, Robert C. Shook, Staff Attorney, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

### DISCIPLINARY ACTION

PER CURIAM.

The Disciplinary Commission charges that attorney Frederic L. Romero violated the *Rules of Professional Conduct for Attorneys at Law* by failing for a period of approximately six years to file, on behalf of a client, a Qualified Domestic Relations Order as directed by a trial court. This matter has been tried to a hearing officer appointed by this Court, who has submitted to us his report. This case is now before us for final resolution.

We now find that a client retained respondent Romero in April or May of 1990 to serve as replacement counsel in a dissolution action pending in Allen Circuit Court. The

respondent entered his formal appearance on behalf of the client on May 14, 1990, and appeared for her at final hearing on August 21, 1990. The proposed final decree of dissolution, as tendered to the presiding trial court judge, provided that the client was to prepare and file a Qualified Domestic Relations Order ("QDRO") with the court after obtaining approval of the plan from the former spouse's pension plan administrator. On September 28, 1990, the respondent sent a copy of the decree to his client.

Between late 1990 and June 1992, the client attempted at least 20 times to reach the respondent by telephone to learn the status of the QDRO. The respondent failed to respond. The client also traveled to the respondent's office several times to speak with him about the QDRO. During these unscheduled meetings, the respondent offered various reasons why the order had not been completed.

In 1992, the client moved to Florida. She called the respondent five or six times per year to check on the status of the QDRO, but he failed to return her calls. In early 1995, the client contacted her former husband's pension administrator, who informed her that the pension had received no QDRO regarding the husband's pension. On February 19, 1996, the same day that the respondent answered the Commission's grievance regarding his failure to take action on the QDRO, he sent a draft QDRO to the pension. During the next year, the respondent exchanged correspondence with the pension regarding the QDRO, but did not advise his client of the content of the ongoing exchange. He filed the QDRO with the Allen Circuit Court on April 11, 1997.

Indiana Professional Conduct Rule 1.3 requires attorneys to act with reasonable promptness and diligence in representing clients. By taking no action toward completing his client's QDRO for over six years, the respondent violated Ind.Professional Conduct Rule 1.3. Professional Conduct Rule 1.4(a) requires lawyers to keep clients reasonably informed about the status of matters and to promptly comply with reasonable requests for information. The respondent did neither for his client regarding the progress of the QDRO and thus violated Prof.Cond.R. 1.4(a). Professional Conduct Rule 3.2 requires lawyers to make reasonable efforts to expedite litigation consistent with the interests of their clients. By failing to complete the QDRO within a reasonable time, the respondent violated Prof.Cond.R. 3.2.

We have often noted that, from a client's perspective, procrastination is perhaps one of the more widely resented professional shortcomings. *Comment* to Prof.Cond.R. 1.3. The respondent's client resorted to multiple telephone calls and personal trips to her lawyer's office to learn the status of her case, all to no avail. She undoubtedly suffered anxiety due to the respondent's lack of action and attention to her affairs. At hearing, the respondent admitted that he was remiss in his failure to take action. We do note, however, that the respondent's lack of prompt action did not result in tangible economic or legal harm to his client. In light of all the foregoing, we conclude that a short period of suspension is warranted to demonstrate our intolerance of the respondent's conduct.

It is, therefore, ordered that the respondent, Frederic L. Romero, be suspended for a period of fifteen (15) days, beginning March 2, 1998. At the conclusion of that time, he will be automatically reinstated to the practice of law.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the Federal District Courts in this state, and the clerk of the United States Bankruptcy Court in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.